**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JANIELLE DAWSON, individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | No.: 1:25-cv-03497 |
| v. | ) | |
| THE UNIVERSITY OF PHOENIX, INC., | ) | Hon. Mary M. Rowland |
| Defendant. | ) | |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant The University of Phoenix, Inc. ("Defendant"), by and through its undersigned counsel, hereby gives notice of the Opinion and Order in *Hannant v. Sarah D. Culbertson Memorial Hospital,* No. 4:24-CV-04164-SLD-RLH, 2025 WL 2413894 (C.D. Ill. Aug. 20, 2025) (attached hereto as Exhibit A), which supports the arguments Defendant makes in its pending Motion to Dismiss (ECF No. 19, 20, 21, 27), and which was issued after briefing closed.

The Court dismissed the plaintiff's Electronic Communications Privacy Act claim for alleged violations of 18 U.S.C. § 2511(1)(a), (c), and (d), holding that the plaintiff had failed to establish the crime-tort exception because she had not alleged sufficient factual details to plausibly allege that her individually identifiable health information had been disclosed:

> When deciding whether a plaintiff has plausibly alleged that [individually identifiable health information] was obtained and improperly disclosed via a pixel tracker, courts seek to distinguish between tracking data derived from healthcare provider websites generally and tracking data which both relates to a specific individual's health and reasonably can be used to identify that individual. As a rough analogy, the dividing line is somewhere between precise geolocation data showing that an individual ate in a hospital's cafeteria and such data showing that an individual was in their primary care physician's examination room—the latter could be the basis of a HIPAA violation; the former is probably just lunch.

***

> ***Plausibility in this context turns on the details. Here, Plaintiff's allegations of her own experience, as opposed to a potential class member, lack the detail necessary to plausibly invoke the crime-tort exception*** via a HIPAA violation. When discussing a potential class member, her allegations might be sufficient to invoke the crime-tort exception—as examples, she details how the acts of calling to schedule an appointment, calling a specific provider, and logging in to Defendant's patient portals would be transmitted. ***But when discussing her own experiences, the specificity is replaced by vague generalities***.

Exhibit A at *3-5 (emphasis added).

Addressing the plaintiff's Illinois Eavesdropping Statute claim, Judge Darrow dismissed the claim because the defendant was a party to the communication, holding:

> Section 14-2(a)(3) only applies to "private electronic communication[s] to which [the defendant] is not a party," 720 ILCS 14-2(a)(3), ***and Defendant was undisputedly party to the at-issue communications***. Plaintiff cannot rely upon section 14-2(a)(3), nor any of the other first four subsections of 14-2(a), and therefore cannot rely upon section 14-2(a)(5).

Exhibit A at *11 (emphasis added).

Dated: August 22, 2025

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Bonnie Keane DelGobbo*

Joel C. Griswold
Bonnie Keane DelGobbo
Katharine H. Walton
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 3700
Chicago, IL 60606-2859
Telephone: 312.416.6200
Facsimile: 312.416.6201
jcgrisold@bakerlaw.com
bdelgobbo@bakerlaw.com
kwalton@bakerlaw.com

*Attorneys for The University of Phoenix, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all Counsel of Record.

*/s/ Bonnie Keane DelGobbo*