**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JANIELLE DAWSON, individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | No.: 1:25-cv-03497 |
| v. | ) | |
| THE UNIVERSITY OF PHOENIX, INC., | ) | Hon. Mary M. Rowland |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY (DKT. 28)**

On August 18, 2025, Defendant The University of Phoenix, Inc. ("Defendant") filed a Notice of Supplemental Authority (Dkt. 28), citing Judge Randolph's concurring opinion in *Pileggi v. Washington Newspaper Publishing Co., LLC*, 2025 WL 2319550 (D.C. Cir. Aug. 12, 2025). But that case actually supports Plaintiff's arguments, not Defendant's.

In *Pileggi*, the district court dismissed the plaintiff's claim under the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"), on the grounds that "she did not subscribe to a video or similar audio-visual good or service," and was therefore not a "consumer" under the statute. 2025 WL 2319550 at *8. The D.C. Court of Appeals affirmed, holding that merely subscribing to an email newsletter did not make the plaintiff a consumer of the defendant's video services. But this case is different. Here, Plaintiff Janielle Dawson ("Plaintiff") expressly alleges that she "purchased goods and services from Defendant in the form of class courses," which "routinely included prerecorded videos." Dkt. 1 ¶¶ 5-7. *Pileggi* confirms that these allegations firmly place Plaintiff in the category of consumers under the VPPA.

Defendant ignores the actual holding of *Pileggi* and instead calls the Court's attention to Judge Randolph's concurring opinion, in which he wrote that the VPPA should be limited to those who sell videos in physical data formats. *See* Dkt. 28 at 1. Dicta from an out-of-circuit court ordinarily carries little weight, but that is particularly true where, as here, it is an extreme outlier.

Plaintiff's counsel are not aware of any case that echoes Judge Randolph's view. To the contrary, courts have adopted a broad reading of what constitutes a video tape service provider. *See Salazar v. Nat'l Basketball Ass'n*, 118 F.4th 533, 549 (2d Cir. 2024). Under that reading, courts have accepted that sellers of digital video content qualify. *See, e.g.*, *In re Hulu Priv. Litig.*, 2012 WL 3282960, at *5 (N.D. Cal. Aug. 10, 2012) ("To this reader, a plain reading of a statute that covers videotapes and 'similar audio visual materials' is about the video content, not about how that content was delivered (e.g. via the Internet or a bricks-and-mortar store). . . . The court concludes that Congress used 'similar audio video materials' to ensure that VP[P]A's protections would retain their force even as technologies evolve."); *Cantu v. Tapestry, Inc.*, 2023 WL 4440662, at *8 (S.D. Cal. July 10, 2023) ("[T]he phrase 'prerecorded video cassette tapes *or similar audio visual materials*' indicates that the VPPA's protections extend beyond physical video tapes. As long as such content is pre-recorded, rather than live, the content need not be in any precise format to implicate the Act's protections.") (original emphasis; citation omitted).

Dated: August 22, 2025

Respectfully submitted,

Janielle Dawson, individually and on behalf all others similarly situated

By: /s/ Scott R. Drury
SCOTT R. DRURY
One of Plaintiff's attorneys

Scott R. Drury
**DRURY LEGAL, LLC**
6 Carriage Lane
Highwood, Illinois 60040
Telephone: (312) 358-8225
E-Mail: scott@drurylegal.com

Joshua D. Arisohn (to be admitted *pro hac vice*)
**ARISOHN LLC**
513 Eighth Avenue, #2
Brooklyn, NY 11215
Telephone: (646) 837-7150
Email: josh@arisohnllc.com

*Attorneys for Plaintiff and putative class members*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all Counsel of Record.

*/s/ Scott R. Drury*
SCOTT R. DRURY