**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JANIELLE DAWSON, individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | No.: 1:25-cv-03497 |
| v. | ) | |
| THE UNIVERSITY OF PHOENIX, INC., | ) | Hon. Mary M. Rowland |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY (DKT. 29)**

On August 22, 2025, Defendant The University of Phoenix, Inc. ("Defendant") filed a Notice of Supplemental Authority (Dkt. 29), citing the unpublished, out-of-district opinion in *Hannant v. Sarah D. Culbertson Mem'l Hosp.*, 2025 WL 2413894 (C.D. Ill. Aug. 20, 2025). In its Notice, Defendant highlights the Court's discussion of: (a) the crime-tort exception under the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C § 2510, *et seq.*; and (b) § 14-2(a)(3) of the Illinois Eavesdropping Act ("IEA"), 720 Ill. Comp. Stat. 14-1, *et seq.* Dkt. 29 at CM/ECF 1-2. As set forth in the opposition brief of Plaintiff Janielle Dawson ("Plaintiff"), Plaintiff's Complaint does not rely on the crime-tort exception to establish Defendant's liability under the ECPA. *See* Dkt. 23 at CM/ECF 24, n.3. Thus, *Hannant* has no bearing on this case. In all events, in *Hannant*, the court merely found that the plaintiff had failed to sufficiently plead the crime-tort exception and allowed the plaintiff to seek leave to amend. *See* 2025 WL 2413894, at *4-5, 18.

With respect to the IEA, unlike here, the plaintiff in *Hannant* did not assert a claim under § 14-2(a)(3). *Id.* at *10. Rather, the plaintiff asserted a claim under § 14-2(a)(5), which requires an underlying violation of § 14-2(a)(1), (2), (3) or (4). *See id.* at 11. In response to the defendant's

argument that the plaintiff did not state a claim under § 14-2(a)(3), the plaintiff generically argued that "section 14-2(a) as a whole may apply to communications to which the defendant was not a party." Unlike here, the plaintiff did not rely on a "principal" theory of liability. *Id.* As set forth in Plaintiff's opposition brief, Plaintiff has sufficiently stated a claim against Defendant under § 14-2(a)(3) based on Defendant's role as the principal of multiple third-party eavesdroppers. *See* Dkt. 23 at CM/ECF 27-30.

Dated: August 26, 2025

Respectfully submitted,

Janielle Dawson, individually and on behalf all others similarly situated

By: /s/ Scott R. Drury
SCOTT R. DRURY
One of Plaintiff's attorneys

Scott R. Drury
**DRURY LEGAL, LLC**
6 Carriage Lane
Highwood, Illinois 60040
Telephone: (312) 358-8225
E-Mail: scott@drurylegal.com

Joshua D. Arisohn (to be admitted *pro hac vice*)
**ARISOHN LLC**
513 Eighth Avenue, #2
Brooklyn, NY 11215
Telephone: (646) 837-7150
Email: josh@arisohnllc.com

*Attorneys for Plaintiff and putative class members*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all Counsel of Record.

*/s/ Scott R. Drury*
SCOTT R. DRURY