**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JANIELLE DAWSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF PHOENIX, INC.,<br><br>Defendant. | No.: 1:25-cv-03497<br><br>Hon. Mary M. Rowland |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY RELEVANT TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Janielle Dawson ("Plaintiff"), individually and on behalf of all others similarly situated, respectfully submits this Notice to advise the Court that on August 20, 2025, the Honorable Jorge L. Alonso issued a Memorandum Opinion and Order in the matter of *Q.J. v. PowerSchool Holdings LLC*, No. 23 C 5689, 2025 WL 2410472 (N.D. Ill. Aug. 20, 2025) (Exhibit 1, hereto), in which he held that: (1) a victim may bring a civil action under the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510, *et seq.*, against a party who procures another to intercept electronic communications; and (2) the crime-tort exception to the ECPA's party exemption applies when a defendant procures a third party to "intercept communications and obtain data from the defendant's website, when that data is protected from disclosure by law," including the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g.[1] *Id.* at *6. Regarding procurement, Judge Alonso agreed with those courts that have found that § 2520 of

[1] As set forth in Plaintiff's opposition brief, Plaintiff does not allege liability based on the crime-tort exception. Dkt. 23 at CM/ECF 24. Plaintiff points out this part of the opinion because Defendant The University of Phoenix relies heavily on the purported inapplicability of the crime-tort exception.

the ECPA broadly "'allow[s] for recovery against the 'person or entity' which engaged in the violation of § 2511(1)(a) [the provision setting forth the various ways to violate the ECPA].'" *Id.* (quoting *Boseovski v. McCloud Healthcare Clinic, Inc.*, 2020 WL 68578, at *6 (E.D. Cal. Jan. 7, 2020)). According to Judge Alonso, "[t]he statute does not specify any particular theory by which the 'person or entity' must have violated the statute to be subject to civil liability, nor is the Court aware of any reason, textual or otherwise, to read the statute in such a restrictive fashion." *Id.*

Dated: August 26, 2025

Respectfully submitted,

Q.J., on behalf of himself
and others similarly situated,

By: /s/ Scott R. Drury
SCOTT R. DRURY
*One of Plaintiff's Attorneys*

Scott R. Drury
DRURY LEGAL, LLC
6 Carriage Lane
Highwood, Illinois 60040
(312) 358-8225
scott@drurylegal.com

Joshua D. Arisohn (to be admitted *pro hac vice*)
**ARISOHN LLC**
513 Eighth Avenue, #2
Brooklyn, NY 11215
Telephone: (646) 837-7150
Email: josh@arisohnllc.com

*Attorneys for Plaintiff and putative class members*

**CERTIFICATE OF SERVICE**

I, Scott R. Drury, an attorney, hereby certify that, on August 26, 2025, I filed the foregoing document using the Court's CM/ECF system, which effected service on all counsel of record.

*/s/ Scott R. Drury*
Scott R. Drury