**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JANIELLE DAWSON, individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | No.: 1:25-cv-03497 |
| v. | ) | |
| THE UNIVERSITY OF PHOENIX, INC., | ) | Hon. Mary M. Rowland |
| Defendant. | ) | |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant The University of Phoenix, Inc. ("Defendant"), by and through its undersigned counsel, hereby gives notice of the Report and Recommendation on Motion to Dismiss in *Doe v. Lawrence General Hospital,* No. 5-cv-10081-NMG (D. Mass. Aug. 29, 2025) (attached hereto as Exhibit A), which supports the arguments Defendant makes in its pending Motion to Dismiss (ECF No. 19, 20, 21, 27), and which was issued after briefing closed.

The magistrate judge recommended dismissal of the plaintiff's Electronic Communications Privacy Act ("ECPA") claim, 18 U.S.C. § 2511, holding that it was evident that the defendant was a party to the communications and the ECPA was a one-party consent statute:

> ECPA forbids the secret interception of communications where no party to the communication is aware that an interception is taking place. ***It does not, however, forbid interception when one party is aware of, and consents to, the interception***. For this reason, ECPA is commonly referred to as a "one-party consent" statute. This principle is codified in the statute's "party exception," whereby "it shall not be unlawful . . . for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication." 18 U.S.C. § 2511(2)(d).
>
> It is evident from the Complaint that LGH was a party to the communications in question and that LGH consented to the interception. ***Indeed, the Complaint***

> ***alleges that LGH aided in the interception by installing the web tracking tools on its Website***.

Exhibit A at *17-18 (emphasis added).

Addressing the ECPA crime-tort exception, the judge recommended dismissal of the claim because the plaintiff had failed to plausibly plead a criminal or tortious purpose independent of the interception itself:

> From the wording of ECPA, it is evident that the language "intercepted for the purpose of committing any criminal or tortious act" means that the goal or aim of the interception itself must have been to use the intercepted information to commit a crime or tort. ***It is not enough that a crime or tort was a mere side-effect of the interception.*** Indeed, the heightened intent required by the words "for the purpose" of committing a crime or tort elevates this intent requirement beyond the already-heightened requirement that the interception itself be "intentional."
>
> ***
>
> There is no allegation that the act of disclosure was in any respect separate or independent of the intentional act of deploying the web tracking tools.

Exhibit A at *21, 25 (emphasis added).

Dated: September 5, 2025

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Katharine H. Walton*

Joel C. Griswold
Bonnie Keane DelGobbo
Katharine H. Walton
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 3700
Chicago, IL 60606-2859
Telephone: 312.416.6200
Facsimile: 312.416.6201
jcgrisold@bakerlaw.com
bdelgobbo@bakerlaw.com
kwalton@bakerlaw.com

*Attorneys for The University of Phoenix, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all Counsel of Record.

*/s/ Katharine H. Walton*