**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JANIELLE DAWSON, on behalf of herself and on behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:25-cv-03497 |
| v. | ) | |
| | ) | Judge Mary M. Rowland |
| THE UNIVERSITY OF PHOENIX, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**NOTICES OF SUPPLEMENTAL AUTHORITY (DKT. 36-37)**

## I. The Report and Recommendation in *Doe v. Lawrence Gen'l Hosp.*, Is Inapposite and Otherwise Incorrectly Interprets the ECPA's Crime-Tort Exception.

### A. The Report Does Not Address the Issue of Procurement.

On September 5, 2025, Defendant The University of Phoenix ("Defendant") filed a Notice of Supplemental Authority (Dkt. 36), citing an unpublished and, as-of-yet, unadopted Magistrate Judge Report and Recommendation in *Doe v. Lawrence Gen'l Hosp.*, No. 1:25-cv-10081-NMG (the "Report"). The plaintiff has objected to the Report. *Lawrence Gen'l Hosp.*, ECF No. 46.

As relevant here, the Report solely focuses on: (a) whether a party to a communication consented to an interception; and (b) the applicability of the Electronic Communications Privacy Act's ("ECPA") crime-tort exception. *See* Dkt. 36-1 at 18-30.[1] Significantly, the Report does not address Plaintiff's theory of ECPA liability – namely, liability for a party's unlawful procurement of another entity to intercept communications. *See* Dkt. 1 ¶¶ 119, 121; *see also* Dkt. 23 (Pl. Opp. to MTD) at 21-24. As discussed in Plaintiff's Opposition to Defendant's Motion to Dismiss ("Plaintiff's Opposition"), the ECPA's one-party consent exception to liability does not apply to a

[1] Citations to page numbers of docketed entries are the CM/ECF-stamped page numbers.

party who procures another to intercept a communication. Dkt. 23 at 23-24. Based on the above, the Report is inapposite.

**B. The Report Incorrectly Interprets the Crime-Tort Exception.**

While the crime-tort exception presently is not at issue in this case, given Defendant's continued focus thereon, Plaintiff addresses the exception, and the Report's incorrect interpretation thereof. The crime-tort exception provides that:

> It shall not be unlawful under this chapter for a person not acting under color of law to intercept a . . . communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception *unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State.*

18 U.S.C. § 2511(2)(d) (crime-tort exception italicized).

Courts have found the crime-tort exception to have two components: (a) a "temporal" component that requires the intercepting party to have an independent criminal or tortious purpose at the time of the interception; and (b) a "separate and independent" component that requires the crime or tort to be beyond the act of interception. *R.S. v. Prime Healthcare Svcs.*, 2025 WL 103488, at *5 (C.D. Cal. Jan. 13, 2025); *but see A.D. v. Aspen Dental Mngm't, Inc.*, 2024 WL 4119154, at *3 (N.D. Ill. Sept. 9, 2024) (noting no precedential authority in Seventh Circuit requiring act distinct from wiretapping). In *R.S.*, the court held that the plaintiff: (a) adequately alleged that, at the time of the interceptions at issue, the defendant had the intent to disclose the information in violation of the Health Insurance Portability and Accountability Act ("HIPAA"); and, therefore, (b) adequately alleged the crime-tort exception. *Id.* at 5-6.

Significantly, courts in this District have routinely found that allegations that a defendant intended to violate other statutes at the time of its unlawful interceptions are sufficient to "invoke the crime-tort carve-out to the ECPA's one-party consent exception." *Mayer v. Midwest Physician*

*Admin. Svcs., LLC*, 2025 WL 963779, at *3 (N.D. Ill. Mar. 31, 2025) (HIPAA violation); *Stein v. Edward-Elmhurst Health*, 2025 WL 580556, at *3-6 (N.D. Ill. Feb. 21, 2025) (same); *Kurowski v. Rush Sys. for Health*, 2024 WL 3455020, at *3-5 (N.D. Ill. July 18, 2024) (same); *A.D.*, 2024 WL 4119154, at *3 (same); *Kurowski v. Rush Sys. for Health*, 2023 WL 8544084, at *2-3 (N.D. Ill. Dec. 11, 2023) (same); *Q.J. v. PowerSchool Holdings LLC*, 2025 WL 2410472, at *6 (N.D. Ill. Aug. 20, 2025) (violations of Illinois School Student Records Act and Family Educational Rights and Privacy Act ("FERPA")). As the court in *Stein* observed, "[c]ourts from coast to coast have recognized that a violation of HIPAA can give rise to the crime-tort exception under the ECPA." 2025 WL 580556. at *4-5 (citing cases); *see also Q.J.*, 2025 WL 2410472, at *6 (finding no relevant distinction exists between HIPAA and FERPA for purposes of applying crime-tort exception at pleadings stage).

In *Stein*, the court conducted a thorough analysis of the proper invocation of the crime-tort exception. 2025 WL 580556, at *3-6. The court likened the exception to a law that allows jaywalking if a person is by himself, "unless that person jaywalks for the purpose of committing a crime or tort." *Id.* at 4. Under that law, a person who jaywalks for the purpose of robbing a bank across the street violates the law, whereas a person who jaywalks simply to say hello to someone across the street does not. *Id.* Applying that same logic to the crime-tort exception, the court determined that the exception applies to a defendant who intercepts a medical communication for the purpose of disclosing the individually identifiable health information (a HIPAA violation). *Id.*

Further analyzing the crime-tort exception, the court examined the phrase "for the purpose of committing any criminal or tortious act." *See id.* at 6. The court found that the "purpose must be to commit an act, and that act must be criminal or tortious," as opposed to the statute requiring a criminal or tortious purpose. *Id.* In other words, the statute merely "requires a purpose of

committing an act – an act that is criminal or tortious." *Id.* The court emphasized that a "person can have a purpose of committing an act that is criminal or tortious, without having a criminal or tortious purpose." *Id.* (giving example of a person changing lanes without looking in the mirror and then hitting another car).

The magistrate judge's Report in *Lawrence General Hospital* rejects the well-reasoned analysis in *Stein* and the holdings of courts from coast to coast in favor of a flawed and strained analysis. *See* Dkt. 36-1 at 19-39. Critical to the analysis in the Report is a "heightened intent requirement" "beyond the already heightened requirement that the interception itself be 'intentional'" that the magistrate judge read into the crime-tort exception. *Id.* at 21. Based largely on that illusory heightened intent requirement, the magistrate judge found that the plaintiff failed to allege the crime-tort exception based on a HIPAA violation. *Id.* at 19-34. While the Report is lengthy, much of it is devoted to an unsuccessful attempt to justify its conclusion in light of the numerous contradictory holdings of other courts.

## II. The Parties Have Already Addressed the Ruling in *Solomon v. Flipps Media, Inc.*

In Defendant's September 23, 2025 Notice of Supplemental Authority (Dkt. 37), it cites three cases from the Southern District of New York[2] holding that a Facebook ID does not constitute personally identifiable information ("PII") for purposes of the Video Privacy Protection Act ("VPPA"). But these cases present nothing new because they each simply apply the ruling of the Second Circuit in *Solomon v. Flipps Media, Inc.*, 136 F.4th 41 (2d Cir. 2025), to which the court in the cited cases was bound. *Solomon*—which the parties already addressed in their briefs—is not binding on this Court, and its reasoning should be rejected.

[2] The three cases are *Nixon v. Pond5, Inc.*, No. 1:24-cv-05823 (JLR) (S.D.N.Y July 21, 2025); *Golden v. NBCUniversal Media, LLC*, No. 22 CIV. 9858 (PAE), 2025 WL 2530689 (S.D.N.Y. Sept. 3, 2025); and *Taino v. Bow Tie Cinemas, LLC*, No. 1:23-cv-05371-VSB (S.D.N.Y. Sept. 16, 2025).

First, *Solomon* adopted the wrong standard. The appellate courts are divided on the meaning of PII as defined by the VPPA. Some courts, like *Solomon*, ask whether a piece of data would readily permit an ordinary person to identify a specific individual. The First Circuit, meanwhile, asks whether the "information reasonably and foreseeably [is] likely to reveal" a person's identity. *Yershov v. Gannett Satellite Info. Network, Inc.*, 820 F.3d 482, 486 (1st Cir. 2016). The Seventh Circuit has not yet ruled on the applicable standard for determining whether a particular piece of data constitutes PII for purposes of the VPPA. *Manza v. Pesi, Inc.*, 2025 WL 1445762, at *4 (W.D. Wis. May 20, 2025). But the one case in this Circuit to address the issue expressly rejected the "ordinary person" standard and adopted one that aligns with the First Circuit's. *Id.* at *5, *9 (the "ordinary person" standard is supported by "little textual basis" and is merely a "judicial construct"). The reasoning in *Manza* is sound and provides the best prediction for how the Seventh Circuit would rule.

Second, even if the Court adopts the "ordinary person" standard, *Solomon* is an outlier for how that standard applies. Indeed, courts outside of the Second Circuit applying the "ordinary person" standard routinely hold that a Facebook ID *does* constitute PII for purposes of the VPPA. *See* Dkt. 23 (Pl. Opp.) at 14 (citing cases).

Dated: October 1, 2025

Respectfully submitted,

Janielle Dawson, individually and on behalf all others similarly situated

By: /s/ Scott R. Drury
SCOTT R. DRURY
One of Plaintiff's attorneys

Scott R. Drury
**DRURY LEGAL, LLC**
6 Carriage Lane
Highwood, Illinois 60040
Telephone: (312) 358-8225
E-Mail: scott@drurylegal.com

Joshua D. Arisohn (to be admitted *pro hac vice*)
**ARISOHN LLC**
513 Eighth Avenue, #2
Brooklyn, NY 11215
Telephone: (646) 837-7150
Email: josh@arisohnllc.com

*Attorneys for Plaintiff and putative class members*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all Counsel of Record.

*/s/ Scott R. Drury*
SCOTT R. DRURY