**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JANIELLE DAWSON, individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | No.: 1:25-cv-03497 |
| v. | ) | |
| THE UNIVERSITY OF PHOENIX, INC., | ) | Hon. Mary M. Rowland |
| Defendant. | ) | |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant The University of Phoenix, Inc. ("Defendant"), by and through its undersigned counsel, hereby gives notice of the Opinion and Order in *Martinez v. Mentavi, Inc.,* No. 1:25-cv-228, 2025 WL 3780427 (W.D. Mich. Oct. 9, 2025) (attached hereto as Exhibit A), which supports the arguments Defendant makes in its pending Motion to Dismiss (ECF No. 19, 20, 21, 27), and which was issued after briefing closed.

Judge Jonker dismissed the plaintiffs' Electronic Communications Privacy Act ("ECPA") claim, 18 U.S.C. § 2511, holding that it was evident that the defendant was a party to the communications and the plaintiffs had not sufficiently alleged the defendant intended to commit a tortious or criminal act independent of the interception:

> The [crime-tort] exception does not apply, then, if the [] crime or tort was merely a result of the interception; the Defendant must specifically intend to bring about the tortious or criminal result.
>
> ***
>
> The Court finds persuasive the line of cases using the "primary motivation" and "determinative factor" because that test is the most faithful interpretation of the ECPA. Take the ECPA's text. It explicitly states that the interception must be "for the *purpose* of committing any criminal or tortious act." 18 U.S.C. § 2511(2)(d). **The word "purpose" means a party's "objective, goal, or end."** ***Purpose*****,**

> **BLACK'S LAW DICTIONARY (12th ed. 2024). Put simply, it's "the reason for which something was done."** ***Purpose*****, OXFORD ENGLISH DICTIONARY, https://www.oed.com/dictionary/purpose_n?tl=true. The statute and these definitions focus on a singular, not plural, purpose. Although many factors often might influence a person's decision to take a certain course of action, the statute singles out "the purpose" rather than "one of the purposes" or "a purpose." This naturally requires a focus on the actor's primary—or their most determinative —reason for the interception. Anything less would ignore the statutory language and potentially read the "one-party consent" rule out of the statute.** In any interception scenario, a plaintiff can often allege at least an invasion of privacy tort as a consequence of the interception. If that were enough, the "one-party consent" rule would be a dead letter. Focusing on a party's primary motivation avoids that result and ensures continuing viability of both the "one-party consent" rule and the crime-tort exception.
>
> ***
>
> The alleged facts here do not state a plausible claim falling within the crime-tort exception under the "primary motivation" test. To the contrary, the allegations show that Defendant's primary motivation when intercepting Plaintiffs' PHI data was commercial—not criminal or tortious—in nature.

Exhibit A at *4-5 (emphasis added).

Dated: January 9, 2026

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Katharine H. Walton*

Joel C. Griswold
Bonnie Keane DelGobbo
Katharine H. Walton
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 3700
Chicago, IL 60606-2859
Telephone: 312.416.6200
Facsimile: 312.416.6201
jcgrisold@bakerlaw.com
bdelgobbo@bakerlaw.com
kwalton@bakerlaw.com

*Attorneys for The University of Phoenix, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all Counsel of Record.

*/s/ Katharine H. Walton*